This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MAUREEN A. TELLES**,

Petitioner-Appellee,

v.                                                                          **No. 35,170**

**EDMUNDO TELLES,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle, District Judge**

Dorene A. Kuffer
Albuquerque, NM

for Appellee

Edmundo Telles y Padilla
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**VIGIL, Chief Judge.**

{1}     Husband appeals several aspects of the divorce decree entered by the district court, as well as the manner in which the district court enforced an award of attorney

fees granted to Wife. We issued a notice of proposed summary disposition proposing to affirm in part and reverse in part. Wife has responded with a memorandum in opposition, and Husband has responded with a memorandum supporting portions of the proposed disposition and opposing others. Having given careful consideration to the parties' submissions, we continue to believe reversal in part and affirmance in part is warranted. We affirm in part and reverse in part for the reasons stated in this opinion as well as in the notice of proposed summary disposition.

{2}     We address Wife's memorandum in opposition first. Wife does not challenge our proposed holdings to the effect that, under the parties' premarital agreement (PMA), the BMW was her separate property and Husband contributed $7500 of his separate property to reduce the debt owed on the BMW. [MIO 1] However, Wife argues that awarding Husband reimbursement of the $7500, as the PMA requires, would result in unjust enrichment of Husband. She argues that she contributed far more than $7500 toward the debt owed on the Lexus, which according to the PMA was Husband's separate property. [Id. 2] According to Wife, these contributions included both separate and community funds. As we stated in the notice of proposed disposition, the district court did not treat the Lexus as Husband's separate property but instead found that it had been transmuted into community property. The district court therefore did not address the possibility of reimbursing Wife for community and

3

separate funds that may have been expended to reduce the debt on the Lexus. On remand, the district court will have an opportunity to follow the PMA, treat each party's separate property as separate in accordance with the PMA, and determine which party is entitled to reimbursement for reductions in the debts owed on each piece of separate property. At this time, however, since both the BMW and the Lexus were erroneously treated as community property we cannot determine whether the appropriate reimbursement amounts have already been ordered. We therefore reverse and remand to allow the district court to strictly apply the terms of the PMA in dividing the property and debts of the parties.

{3} In reaching the above result, we note Wife's argument that the district court had jurisdiction over all the property of the parties, and had discretion to divide the parties' property and debts equitably. [MIO 3] However, Wife has cited no authority indicating that the district court's discretion allows it to override the clear terms of a PMA entered into by the parties knowingly and voluntarily, and we are aware of no such authority. The district court in this case appears to have ignored the terms of the PMA by treating all of the property as community property, in contravention of the requirements of the PMA. The district court's discretion over property and debt matters in a divorce cannot go so far as to allow the court to simply ignore a PMA entered into by the parties. *See* NMSA 1978, § 40-3A-4(A)(1) (1995) (authorizing

3

spouses to enter into a PMA that contracts with respect to any and all property owned by the parties); *Lebeck v. Lebeck*, 1994-NMCA-103, ¶¶ 18-24, 118 N.M. 367, 881 P.2d 727 (discussing fact that a PMA is a contract, and is valid in the absence of defenses to a contract such as undue influence or misrepresentation).

{4}     Wife also objects to our proposed reversal of the district court's action of stripping Husband of the Lexus and awarding that vehicle to Wife to be sold, in order to satisfy an award of attorney fees previously made to Wife. Wife argues that it was not necessary for her to obtain a separate lien or judgment against Husband's property in order to execute on it, and that it was also not necessary to strictly follow the procedures set out in the statutory provisions governing executions on judgments. [MIO 4] She contends that Husband suffered no prejudice as a result of the procedure employed by the district court, and cites to *Armstrong v. Csurilla*, 1991-NMSC-081, 112 N.M. 579, 817 P.2d 1221, in support of her argument. We agree that *Armstrong* held that strict adherence to all of the statutory judgment-lien-foreclosure procedures is not always necessary, as long as no party is prejudiced as a result. *Id.* ¶ 21. We disagree, however, that Husband was not prejudiced by the procedure employed in this case. It should be noted that in *Armstrong*, the procedures followed by the district court resulted in a judicial sale of the property, which is the approved statutory method for selling property following execution. *Id.* ¶¶ 10, 21-22; NMSA 1978, § 39-

4

5-1 (1895). Such a sale allows a judgment debtor to take action to increase the sale price of the property, by obtaining potential customers or other means. *Id.* ¶ 22 (pointing out that judgment debtors could have tried to cause the price at the judicial sale to be bid up for their economic benefit). In this case, on the other hand, the district court simply awarded the Lexus to Wife with instructions to sell it, and accepted her representations as to how much was still owed on the Lexus and how much she could sell it for [RP 95, 111]. This action provided no opportunity for the public auction that is required by Section 39-5-1 for the protection of the judgment debtor. *See* § 39-5-1 (requiring that the sale be at a "public vendue," which is a public auction, following notice of the sale by publication and posting).

{5}     We find that the lack of a sale by public auction is sufficient prejudice in this case to overturn the procedure followed by the district court. We therefore do not address the additional possible source of prejudice discussed in the notice of proposed summary disposition, concerning Husband's lack of an opportunity to assert a homestead exemption as a defense to the execution on his Lexus.

{6}     We now address Husband's memorandum in opposition. The only portion of our notice that Husband objects to is the discussion concerning the award of attorney fees to Wife. Husband splits the fees into two amounts---the $5,000 that was awarded in the original divorce decree, and an additional $2,000 that was awarded following

5

the hearing on Wife's motion requesting that the Lexus be awarded to her to satisfy the attorney fees award. [MIO 6] As we stated in the notice, following remand the district court will have the ability to adjust the attorney fees awarded to account for the parties' relative success during the litigation, as well as other factors. In doing so, the court should take into account the fact that $2,000 of the fees were awarded as a result of Wife's legally-unjustified request to circumvent the statutory procedures concerning enforcement of judgments. At this time, however, since the fees issue will be subject to adjustment on remand, we decline to decide whether any particular portion of the fees awarded should be reversed.

{7}    We note Husband's request that he not have to return to district court to continue litigating this matter. [MIO 6, 9] However, this is unavoidable; there are factual issues to be resolved concerning reimbursement for pay-down of debts owed on separate property, as well as the proper remedy for the lack of a judicial sale of the Lexus. This Court is not a fact-finding body but can only review those facts determined by the district courts. N.M. Const. art. VI, § 29. We also note Husband's request that he not have to appear before the same district judge who presided over the proceedings below. Husband's evidence of bias is not sufficient, however, to allow us to find that the district judge must recuse himself following remand; although Husband complains that the judge was impatient with him and refused to listen to

6

certain of his arguments, it does not appear that Husband raised this issue with the district judge by, for example, asking the judge to recuse from the case. *See* Rule 12-216 NMRA (requiring a party to raise an issue in the district court in order to preserve it for purposes of appeal). We are confident that the district court will be fair to both Husband and Wife in any proceedings that may occur in the future.

**{8}** Based on the foregoing as well as the discussion set out in the notice of proposed summary disposition, we affirm in part and reverse in part as discussed in the notice. On remand the district court shall strictly apply the terms of the PMA, including the provisions for reimbursement when debt owed on separate property is reduced due to contributions made by the other spouse. In addition, the district court shall fashion a remedy for the deprivation of Husband's separate property that occurred as a result of the circumvention of the execution-and-sale statutes.

**{9}**     **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____

**J. MILES HANISEE, Judge**